UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INDIANA MICHIGAN POWER COMPANY, | ) ) ) |
| Petitioner, | ) ) Case No.: |
| vs. | ) ) |
| LOCAL UNION 1392 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) ) |
| Respondent. | ) |

**PETITION OR MOTION TO VACATE OR MODIFY ARBITRATION AWARD**

Comes now the Petitioner, Indiana Michigan Power Company, by counsel, Rothberg Logan & Warsco, LLP, and for its Petition or Motion to Vacate or Modify Arbitration Award, alleges as follows:

**Introduction**

1. This Petition follows an arbitration regarding whether the Petitioner had justifiable reason to discharge Daniel Johnson, who was an employee of Indiana Michigan Power Company and a member of the Local Union 1392, International Brotherhood of Electrical Workers.

2. Petitioner seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 10, vacating the arbitration orders dated June 11, 2019 and June 28, 2019, for back pay and attorney fees and costs, rendered in an arbitration before Arbitrator Cynthia Stanley.

3. In the alternative, Petitioner seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 11, modifying the arbitration awards.

4. The Federal Arbitration Act, 9 U.S.C. § 6 states that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." The language of Section 6 preempts the applicability of the Federal Rules and an

1009530.7

Application to Vacate or Modify is to be treated procedurally in the manner of a motion. *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992) (citing *O.R. Securities v. Professional Planning Association*, 857 F.2d 742, 748 (11th Cir.1988) (Rules of notice pleading do not apply to proceeding to vacate an arbitration award, as all relief must be sought in the form of a motion); *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 931 (11th Cir.1990) (Rules of procedure provided in Federal Arbitration Act govern proceedings under Act, and it is only where Act is silent that Federal Rules of Civil Procedure become applicable)). The party challenging the award should file a motion to vacate or modify and provide the Court with all matters that it desires the Court to consider in support of that motion. *Id.* (citing *Hughes*, 975 F.2d at 1258 n. 3).

## Parties

5.     Indiana Michigan Power Company (hereinafter "I&M") is a corporation that is incorporated in Indiana, and has its principal place of business in Fort Wayne, Indiana. I&M is a wholly owned subsidiary of American Electric Power Company, Inc.

6.     Upon information and belief, Local Union 1392, International Brotherhood of Electrical Workers (hereinafter "Local 1392") is a labor organization, and its duly authorized officers or agents are engaged in representing or acting for employee members, including Daniel Johnson, in Fort Wayne, Indiana.

## Jurisdiction and Venue

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under section 301 of the Labor Management Relations Act (29 U.S.C. § 185).

8.     Venue is proper in this judicial district pursuant to 9 U.S.C. § 10(a) and/or 9 U.S.C. § 11 because the award was made in Fort Wayne, Indiana, which is located in the Northern District of Indiana.

**Facts**

9.     I&M and Local 1392 are governed by a Master Collective Bargaining Agreement (Master CBA) between I&M and the International Brotherhood of Electrical Workers ("IBEW") and entered into a local collective bargaining agreement, both of which contain arbitration provisions and set forth the arbitration agreement between the parties. See Appendix, Exhibits A and B, true and accurate copies of the Master CBA and the Local CBA.

10.    Daniel Johnson (hereinafter "Johnson") was discharged by I&M on July 20, 2017 for his failure to comply with the medical leave policies of his employer and engaging in outside employment while received sick leave benefits.

11.    At the time of his termination Johnson was an employee subject to the Master CBA and the Local CBA.  Local 1392 filed a grievance on July 20, 2017 alleging that Johnson was improperly discharged.

12.    At the completion of the grievance process, Local 1392 requested to submit the grievance to arbitration and the parties agreed to Cynthia Stanley as the arbitrator.

13.    This matter was heard in arbitration on December 5, 2018. See Appendix, Exhibit C, true and accurate copy of the Transcript of December 5, 2018 Hearing.

14.    The parties agreed to submit post-hearing briefs on or before February 18, 2019. See Appendix, Exhibits D and E, true and accurate copies of the Post-Hearing Briefs of I&M and Local 1392.

15. Arbitrator Stanley entered her Award and Opinion on February 21, 2019, which sustained the grievance and ordered that Johnson be reinstated with full back pay, benefits, and seniority. See Appendix, Exhibit F, true and accurate copy of the Arbitrator's Opinion and Award of Arbitrator Stanley on February 21, 2019.[1]

16. Johnson was reinstated in March of 2019, but the parties disagreed as to the calculation of back pay and damages.

17. The parties and Arbitrator Stanley agreed that the parties should submit briefing with supporting documentation as to their back pay calculations and the Arbitrator would issue a damages award. See Appendix, Exhibits G and H, true and accurate copies of the Back Pay Briefs of I&M and Local 1392 regarding the back pay damages calculation.

18. Arbitrator Stanley entered her Supplemental Ruling on Back Pay on June 11, 2019, which ordered I&M to pay $244,850.83, with interest of 8% equaling $19,588.07, for a total amount of $264,438.89 and ordered the parties to submit supplemental briefing regarding attorney fees. See Appendix, Exhibit I a true and accurate copy of the Back Pay Arbitration Award issued by Arbitrator Stanley on June 11, 2019.

19. I&M submitted a supplemental brief on the issue of attorney fees in accordance with the arbitration order. See Appendix, Exhibit J a true and accurate copy of the brief of I&M regarding attorney fees.

20. Arbitrator Stanley entered her Ruling on Attorney Fees on June 28, 2019, which ordered I&M to pay $2,560.00 for attorney fees. See Appendix, Exhibit K true and accurate copy of the Attorney Fee Award issued by Arbitrator Stanley on June 28, 2019.

21. The Awards dated June 11, 2019 and June 28, 2019 should be vacated under 9 U.S.C. § 10 because the arbitrator exceeded her powers.

---

[1] I&M is not petitioning to vacate this award. This award is provided for background purposes and to provide the Court with a complete record.

22. The test for vacating an award under section 10(a)(4) of the Arbitration Act is whether the arbitrator exceeded the powers delegated to her by the parties. *Ethyl Corp. v. United Steelworkers of America*, 768 F.2d 180, 184 (7th Cir. 1985).

23. As set forth in the Memorandum in support of Petitioner's Petition to Vacate or Modify Arbitration Award, the arbitrator exceeded her powers by awarding attorney fees in contravention of the CBA.

24. In the alternative, the Awards dated June 11, 2019 and June 28, 2019 should be modified under 9 U.S.C. § 11 because there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

25. The back pay award simply adopted the demand of the Local 1392 and did not analyze or consider any of the arguments made by I&M. As a result, among other things the damage award exceeded the scope of the arbitration by awarding monetary awards predating the date of termination, awarded overtime and double time at rates exceeding Johnson's historical participation in those hours, and awarded the highest bonus even though John may not have been eligible if he had been employed.

26. Pursuant to § 11 of the FAA, the court may modify an award where the "arbitration award orders a party to pay damages that have already been paid or which are included elsewhere in the award" to prevent a double recovery. *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir.1994).

27. The back pay award granted vacation pay that had already been included awarded a higher match on certain benefits that exceeded the match required by the plan and awarded benefits that were not requested during the hearing. Last, it does not appear that the back pay award considered any offsets for work – or potential work – that Johnson could have performed. If

Johnson is also compensated with back pay for those amounts, he would receive a double recovery, which is impermissible and should be modified under 9 U.S.C. § 11(a).

28.     By reason of the foregoing, the Court should issue an order vacating and/or modifying the arbitration awards by Arbitrator Stanley dated June 11, 2019 and June 28, 2019.

WHEREFORE, Petitioner, Indiana Michigan Power Company, by counsel, respectfully requests that this Court issue an order pursuant to 9 U.S.C. § 10 vacating the arbitration awards see Appendix, Exhibits I and K by Arbitrator Stanley dated June 11, 2019 and June 28, 2019; or in the alternative, requests that this Court issue an order pursuant to 9 U.S.C. § 11 modifying the arbitration awards by Arbitrator Stanley dated June 11, 2019 and June 28, 2019; and award the Petitioner such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ROTHBERG LOGAN & WARSCO LLP**

*/s/ Theodore T. Storer*
Theodore T. Storer #17576-02
Ashley M. Gilbert-Johnson #32606-76
505 East Washington Boulevard
Fort Wayne, Indiana 46802
Phone: (260)422-9454
Fax: (260)422-1622
tstorer@rlwlawfirm.com
agilbert-johnson@rlwlawfirm.com
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was deposited in the U.S. Mail, First Class, postage pre-paid on the 9 day of September, 2019, addressed to:

David T. Vlink
Macey Swanson, LLP
445 North Pennsylvania Street,
Suite 401
Indianapolis, Indiana 46204
DVlink@fdgtlaborlaw.com

/s/Theodore T. Storer